## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD M. ZELMA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. 2:24-cv-01059 |
| | ) |
| MICHAEL PETER HALPERIN, et al., | ) |
| | ) |
| Defendants. | ) |

**HALPERIN DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND PLAINTIFF'S COMPLAINT BACK TO STATE COURT**

Defendants Michael Peter Halperin ("Halperin"), HFA Holdings LLC ("HFA"), IP Horizon LLC ("Horizon"), Skye Telecom LLC d/b/a SkyeTel ("SkyeTel"), HFA Services LLC d/b/a Call48 ("Call48"), and MHLHTH Holdings LLC ("MHLHTH") (collectively, "Halperin Defendants"), through undersigned counsel, respectfully file this Opposition to Plaintiff's Motion to Remand Plaintiff's Complaint Back to State Court ("Motion"), and in support thereof state as follows:

Plaintiff's Motion must be denied. He explicitly invites the Court to ignore controlling Supreme Court precedent to deprive Defendants of their constitutional and statutory right to this federal forum's adjudication over Plaintiff's facially defective claims that arise *only* under *federal* law. This Court has subject matter jurisdiction to hear this case, and it should deny Plaintiff's Motion. After such denial, the Halperin Defendants will re-file their Motion to Dismiss Plaintiff's defective Complaint. ECF No. 8 and 13.

Plaintiff's Amended Complaint asserts four claims against the Halperin Defendants. *All four* of those claims arise under federal law: a Telemarketing Sales Rule claim (Count One), two Telephone Consumer Protection Act claims (Counts Two and Three), and a Communications Act claim (Count Four). Am. Compl. pp. 47-54. Each and every one of those counts gives this Court

BE.15149679.1/HFA001-285213

subject matter jurisdiction over this case. *Bank of N.Y. as Tr. for the Certificate Holders CWABS, Inc. v. Ukpe*, Civil Action No. 09-1710, 2009 U.S. Dist. LEXIS 115557, at *12 (D.N.J. Dec. 9, 2009) ("Federal question jurisdiction applies to 'all civil actions arising under the Constitution, laws, or treaties of the United States.' If the federal court has original jurisdiction based upon federal question, the case may be removed without regard to the citizenship of the parties. **One claim conferring federal question jurisdiction is sufficient for the entire case to be removed to federal court.** *See id.* § 1441(c).") (citing 28 U.S.C. § 1331, 28 U.S.C. § 1441(b)-(c)) (emphasis added). It is that simple: every one of Plaintiff's claims in this case give this Court subject matter jurisdiction.

Plaintiff's brief appears to focus on his TCPA claim. But it is the law of the land that federal district courts have subject matter jurisdiction over federal TCPA claims, like Plaintiff's here. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012) ("We find no convincing reason to read into the TCPA's permissive grant of jurisdiction to state courts any barrier to the U.S. district courts' exercise of the general federal-question jurisdiction they have possessed since 1875. We hold, therefore, that **federal and state courts have concurrent jurisdiction over private suits arising under the TCPA**.") (citations omitted) (emphasis added); *Leyse v. Bank of Am. Nat'l Ass'n*, 804 F.3d 316, 319 n.2 (3d Cir. 2015) (quoting *Mims* for the holding that "federal and state courts have concurrent jurisdiction over private suits arising under the" TCPA, such that this Court "therefore had federal-question jurisdiction under 28 U.S.C. § 1331" over TCPA actions).

Troublingly, Plaintiff knows this, and filed his meritless motion anyway. Motion at ¶ 11 ("The late Justice Ginsberg's [*sic*] decision in 2012, held that both state and federal courts have concurrent jurisdiction over TCPA claims made by private individuals."). The parties and this Court are bound by the Supreme Court's unanimous holding in *Mims*.

1

Plaintiff's brief makes no real contact with his other two federal claims. Plaintiff does admit—indeed, boasts—that his TSR and Communications Act claims are defective as a matter of law because he does not allege any actual damages for any of his claims. Motion at ¶ 49 ("Plaintiff does not and never alleged 'actual damages'"). But just because his claims are defective as a matter of law does not mean his claims do not "arise under" the laws of the United States. His brief never appears to mention his Communications Act claim (Count Four), which is a separate, independent basis for this Court's jurisdiction. 47 U.S.C. § 207 (vesting jurisdiction over all Communications Act claims in only one of two places: the FCC or federal district courts).

Plaintiff's four-count federal complaint was removable on the basis of each and every one of his federal counts. Despite acknowledging controlling Supreme Court precedent, Plaintiff cannot divest this Court of jurisdiction by admitting his claims are defective as a matter of *federal* law. This Court has subject matter jurisdiction over this case, and the Court should deny Plaintiff's Motion as a result.

Dated: March 13, 2024

Respectfully submitted,

By Counsel

*/s/ Bob Kasolas*
Bob Kasolas, Esq.
Mark E. Critchley, Esq.
BRACH EICHLER LLC
101 Eisenhower Parkway
Roseland, New Jersey  07068
(973) 228-5700
And

Joseph P. Bowser, *pro hac vice forthcoming*
ROTH JACKSON
1519 Summit Ave., Suite 102
Richmond, VA 23230
Tel: (804) 441-8701
Email: jbowser@rothjackson.com
*Attorneys for Halperin Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of March, 2024, I caused a copy of the foregoing document to be served upon Plaintiff, via regular mail and email, as follows:

Richard Zelma
940 Blanch Avenue
Norwood, New Jersey 07648
TCPALAW@optimum.net

*Plaintiff Pro Se*

                                                  */s/ Bob Kasolas*
                                                Bob Kasolas, Esq.