# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD M. ZELMA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL PETER HALPERIN, et al.,<br><br>Defendants. | Civil Action No.<br><br>2:24-cv-01059 (ES) (JRA)<br><br>**REPORT AND RECOMMENDATION** |

**José R. Almonte, U.S.M.J.**

Plaintiff Richard M. Zelma ("Plaintiff") moves to remand this action to the Superior Court of New Jersey, Law Division, Bergen County (hereinafter "the Motion"). ECF No. 11. Defendants Michael Peter Halperin, HFA Holdings LLC, IP Horizon LLC, Skye Telecom LLC d/b/a SkyeTel, HFA Services LLC d/b/a Call48, and MHLHTH Holdings LLC (collectively "the Halperin Defendants")[1] oppose the Motion. ECF No 15. The Honorable Esther Salas, U.S.D.J., referred this motion to the me for a Report and Recommendation. *See* L.Civ.R. 72.1(a)(2). The Court has considered the parties' submissions and decides the Motion without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the reasons set forth below, this Court respectfully recommends that Plaintiff's motion to remand the action be **DENIED**.

---

[1] Plaintiff brings this case against the Halperin Defendants and fictitious defendants Doe Telemarketers (1-20), ABC Corporations (1-20), Resellers, and Call-Centers. Only the Halperin Defendants are currently active; therefore, this Report and Recommendation will refer to the Halperin Defendants only. The names of the Halperin Defendants were corrected in their Notice of Removal. *See* Notice of Removal, ECF No. 1 at 1-2 n.1-4.

I. **BACKGROUND AND PROCEDURAL HISTORY**[2]

Plaintiff initiated this action on or about October 4, 2023, by filing a Complaint in the Superior Court of New Jersey, Law Division, Bergen County ("State Court") against fictitious telemarketer and call-center defendants, asserting four claims based on alleged unlawful telemarketing calls to his two residential landlines. *See* Notice of Removal, ECF No. 1, Ex. B. On or about January 22, 2024, Plaintiff filed an Amended Complaint to add the now-identified Halperin Defendants. *See* Notice of Removal, ECF No. 1, Ex. B ("Am. Compl.").[3]

In his Amended Complaint, Plaintiff alleges four causes of action, each of which relies upon federal law—specifically, the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), the Telemarketing Sales Rule ("TSR"), 16 C.F.R. § 310 (2024), and the Communications Act of 1934, 47 U.S.C. § 151, *et seq. Id.* In short, Plaintiff alleges the Halperin Defendants delivered, engaged, or initiated eighty-one illegal telemarketing "robocalls" to Plaintiff's two landline telephones since the beginning of May 2023. *See* Am. Compl. at 12-16. These communications allegedly included short, pre-recorded messages, allegedly designed to induce Plaintiff to seek legal representation concerning purported physical consequences stemming from exposure to the Camp Lejeune water supply or the use of Roundup, the lawn product. *Id.* at 14.

---

[2] The Court recites only the facts and procedural history relevant to resolution of this Motion.

[3] Plaintiff's Amended Complaint begins on page 23 of 168 of ECF No.1, Exhibit B. However, for the sake of clarity and consistency, the pin cites in this Report and Recommendation will align with the page numbers of the Amended Complaint, rather than of Exhibit B, which also contains other pleadings.

In Count One of the Amended Complaint, Plaintiff alleges that the Halperin Defendants violated the TSR, 16 C.F.R. § 310.4, by allegedly initiating, or providing assistance to, the initiator of each of the eighty-one abusive telemarketing calls made to his two land-line telephone numbers. *Id.* at 47-48. In Counts Two and Three, Plaintiff alleges the Halperin Defendants initiated and/or directed prohibited, pre-recorded telemarking calls to his two land-line telephones, which are both placed on the Federal Trade Commission's National Do Not Call Registry, in violation of two sections of the TCPA. *Id.* at 48-52 (citing §§ 227(c)(5)(c), (b)(1)(B)). Finally, Count Four of Plaintiff's Amended Complaint alleges the Halperin Defendants are "common carriers" under Section 206 of the TCPA that committed unlawful acts, and therefore are liable to Plaintiff for damages for same. *Id.* at 52-54. Of note, although Plaintiff cites to and discusses New Jersey statutes that, like the TCPA, provide claims for relief for offensive telemarketing calls within his lengthy statement of facts, Plaintiff does not actually allege any claims against the Halperin Defendants pursuant to those state statutes in his Amended Complaint. *See generally* Am. Compl.

The Halperin Defendants removed the case to federal court on February 23, 2024, asserting federal jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. *See generally* Notice of Removal, ECF No. 1. Subsequently, on March 11, 2024, Plaintiff moved to remand this action to State Court. ECF No. 11. The parties do not dispute whether the Halperin Defendants' removal was timely and proper. Instead, their dispute centers around whether this Court has subject matter jurisdiction over the claims asserted. Thus, this Court focuses its analysis accordingly.

## I. DISCUSSION

As a threshold matter, the Court notes that a decision to remand is dispositive. *In re U.S. Healthcare*, 159 F.3d 142, 146 (3d Cir. 1998) ("[A]n order of remand is no less dispositive than a dismissal order of a federal action for lack of subject matter jurisdiction where a parallel proceeding is pending in the state court."). Therefore, this Court addresses Plaintiff's motion via this Report and Recommendation.

As the party asserting federal jurisdiction by way of removal, the Halperin Defendants bear the burden of establishing that subject matter jurisdiction exists at all stages in which the case is properly before the federal court. *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). Section 1441 is to be construed strictly, and therefore, all doubts must be resolved in favor of remand. *Id.*; *see also Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992) ("[R]emoval statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand.") (citations omitted) (internal quotations marks omitted). A federal court lacking subject matter jurisdiction over a case must remand the matter back to state court. 28 U.S.C. § 1447(c); *see Farina v. Nokia, Inc.*, 625 F.3d 97, 114 (3d Cir. 2010) (noting that a federal court cannot proceed without subject matter jurisdiction, nor can a party waive such jurisdiction).

A party may move to remand an action back to state court based on an alleged defect in the removal procedure, or lack of subject matter jurisdiction. 28 U.S.C. § 1447(c). Section 1447(c), which sets forth the procedures for moving to remand,

4

provides in pertinent part that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.*

In determining whether an action should be remanded to the state court from which it was removed, a district court must focus on the operative complaint at the time the petition for removal was filed. *See Group Hospitalization & Med. Servs. v. Merck-Medco Managed Care, LLP*, 295 F. Supp. 2d 457, 461-62 (D.N.J. 2003). District courts have federal question subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. For a claim to arise under federal law, the "well-pleaded complaint" must establish "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of substantial question of federal law." *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Tr. for Southern Cal.*, 463 U.S. 1, 27-28 (1983). It is up to the defendant to show that federal jurisdiction exists and continues, which depends on "whether the state law claim necessarily raises a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Collins v. Stevens Inst. of Techn.*, Civ. No. 15-4393, 2015 WL 10384507, at *1-2 (D.N.J. Dec. 2, 2015) (citing *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 308 (2005).

Plaintiff's Amended Complaint primarily concerns the enforcement of the TCPA, through a private action. 47 U.S.C. § 227(b)(3). Plaintiff argues for remand, asserting that the TCPA "vests exclusive jurisdiction in State Courts," and that

5

Congress "intended to authorize jurisdiction over private actions brought under the TCPA exclusively in state courts[.]" ECF No. 11-2, ¶¶ 43-47. In contrast, Defendants argue that this Court has federal question jurisdiction over all four of Plaintiff's claims because they arise solely under federal law. Notice of Removal, ECF No. 1, ¶ 3.

The Court clearly has federal question jurisdiction under 28 U.S.C. § 1331. *See Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 387 (2012) ("Federal courts have § 1331 jurisdiction over claims that arise under federal law."). The TCPA is a federal statute enacted to protect the privacy of telephone subscribers by placing restrictions on unsolicited automated telephone calls to private telephone lines. *Id.* at 370-71. Fatal to Plaintiff's claims, in *Mims*, the U.S. Supreme Court resolved the split among the Courts of Appeals regarding whether Congress granted state courts exclusive jurisdiction over private actions brought under the TCPA. *Id.* at 376-81. The Supreme Court in *Mims* unanimously held that actions brought by private citizens under the TCPA can be heard in either state or federal court, as "[n]othing in the permissive language of § 227(b)(3) makes state-court jurisdiction exclusive, or otherwise purports to oust federal courts of their 28 U.S.C. § 1331 jurisdiction over federal claims." *Id.* at 380 (citations omitted). Consistent with the Supreme Court's determination in *Mims*, it is evident that this Court has federal question jurisdiction over Plaintiff's TCPA claims. Further, each of Plaintiff's other three claims sound entirely in federal law.

## II. CONCLUSION

For the reasons set forth above, the Court respectfully recommends that Plaintiff's Motion to Remand be **DENIED**. The parties have fourteen days to file and serve objections to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C); L.Civ.R. 72.1(a)(2), (c)(2).

HON. JOSÉ R. ALMONTE
UNITED STATES MAGISTRATE JUDGE

Dated: September 30, 2024