Not for Publication

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| RICHARD M. ZELMA,<br><br>                        Plaintiff,<br><br>v.<br><br>MICHAEL PETER HALPERIN, *et al.*,<br><br>                        Defendants. | Civil Action No.: 24-1059 (ES) (JRA)<br><br>ORDER |

**SALAS, DISTRICT JUDGE**

It appearing that:

      1.      On October 4, 2023, Richard M. Zelma ("Plaintiff") initiated this action in the Superior Court of New Jersey, Bergen County, Law Division, and on January 22, 2024, Plaintiff filed an amended complaint against defendants Michael Peter Halperin, HFA Holdings LLC, IP Horizon LLC, Skye Telecom LLC d/b/a SkyeTel, HFA Services LLC d/b/a Call 48, MHLHTH Holdings LLC (together, the "Defendants"), Doe Telemarketers (1-20), ABC Corporations (1-20), unnamed "Resellers," and unnamed "Call-Centers." (*See generally* D.E. No. 1-2 (Ex. B. to Notice of Removal ("Amended Complaint" or "Am. Compl." at 83–168[1]))).

      2.      On March 11, 2024, Plaintiff filed a motion to remand this matter to state court. (D.E. No. 11). On October 21, 2024, this Court adopted the Report and Recommendation by the Honorable José R. Almonte, U.S.M.J., in which Judge Almonte recommended that Plaintiff's motion to remand this action be denied. (D.E. No. 27). Thus, the matter remains in this Court.

---

[1] The Court's citations to the Amended Complaint refer to the pages and/or paragraph numbers on pages 83 to 168 of the headers automatically generated by the Court's CM/ECF Case Management System.

Thereafter, on November 1, 2024, Defendants filed a motion to dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[2] (D.E. No. 29 ("Motion")). The Motion is fully briefed and currently before the Court. (*See* D.E. No. 29-1 ("Mov. Br."); D.E. No. 30 ("Opp. Br."); D.E. No. 31 ("Reply Br.")). Having considered the parties' submissions, the Court decides the Motion without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the reasons set forth below, Defendants' Motion is **GRANTED**.

3.	In short, Plaintiff maintains that the Defendants "engaged, initiated, participated, provided a platform (service), assisted, controlled, routed and delivered EIGHTY-ONE [81] illegal robocalls, directly or routed indirectly to Plaintiff's two land-lines, received since the beginning of May 2023." (Am. Compl. ¶ 7). Plaintiff asserts four causes of action, including for: (i) violations of the Telemarking Sales Rule ("TSA"), brought under the Telemarketing and Consumer Fraud and Abuse Prevention Act ("TCFAPA"), 15 U.S.C. § 6101 *et seq.* (Count One); (ii) violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 (Counts Two and Three); and (iii) violation of Section 206 of the Communications Act of 1934, 47 U.S.C. § 206 (Count Four). (*Id.* ¶¶ 233–66). Relevant here, Plaintiff explicitly withdrew Count One in opposition to Defendants' Motion. (Opp. Br. at 9 ("Plaintiff withdraws Count One to streamline the issues and focus on the viable claims under the TCPA."); *see also id.* ("As noted above, Count One has been voluntarily withdrawn, rendering the defendants claim [*sic*] for 'actual' damages, moot.")).

4.	In assessing whether a complaint states a cause of action sufficient to survive dismissal under Rule 12(b)(6), the Court accepts "all well-pleaded allegations as true and draw[s] all reasonable inferences in favor of the plaintiff." *Cambridge Ret. Sys. v. Altisource Asset Mgmt.*

---

[2]	Defendants previously moved to dismiss the Amended Complaint (D.E. No. 8); however, Judge Almonte terminated the original motion pending resolution of Plaintiff's motion to remand (D.E. No. 13).

*Corp.*, 908 F.3d 872, 878 (3d Cir. 2018).  However, the Court "disregard[s] threadbare recitals of the elements of a cause of action, legal conclusions, and conclusory statements."  *Id.* at 878–79 (quoting *James v. City of Wilkes-Barre*, 700 F.3d 675, 681 (3d Cir. 2012)).  The complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and a claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Zuber v. Boscov's*, 871 F.3d 255, 258 (3d Cir. 2017) (first quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010); and then quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  The Court is more forgiving of complaints filed by *pro se* litigants and construes their allegations liberally.  *Haines v. Kerner*, 404 U.S. 519, 596 (1972).  However, the Court need not "credit a pro se plaintiff's 'bald assertions' or 'legal conclusions.'"  *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

     5.     In addition, Federal Rule of Civil Procedure 8(a)(2) requires that a complaint set forth "a short and plain statement of the claim[s] showing that the [plaintiff] is entitled to relief."  Each allegation in the complaint "must be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).  The Rule further requires that the complaint set forth the plaintiff's claims with enough specificity as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation marks omitted).  Thus, the complaint must contain "sufficient facts to put the proper defendants on notice so they can frame an answer" to the plaintiff's allegations.  *See Dist. Council 47, Am. Fed'n of State, Cty. & Mun. Emps., AFL–CIO by Cronin v. Bradley*, 795 F.2d 310, 315 (3d Cir. 1986).  Importantly, vague group pleadings "undermine[ ] the notice pleading regime of Rule 8."  *Japhet v. Francis E. Parker Mem'l Home, Inc.*, No. 14-1206, 2014 WL 3809173, at *2 (D.N.J. July 31, 2014).  "'Taken together,' Rules 8(a)

and 8(d)(1) 'underscore the emphasis placed on clarity and brevity by the federal pleading rules.'" *Binsack v. Lackawanna Cty. Prison*, 438 F. App'x 158, 160 (3d Cir. 2011) (quoting *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 702 (3d Cir. 1995)); *see also* 5 Wright & Miller, Fed. Prac. & Proc. Civ. § 1217 (3d ed.).

6. Here, the Amended Complaint is "anything but 'simple, concise, and direct.'" *See Binsack*, 438 F. App'x at 160 (quoting Fed. R. Civ. P. 8(d)(1)). Indeed, the Amended Complaint raises a mere four total counts in 266 separate allegations spread across 57 pages, excluding exhibits. (*See* Am. Compl. at 83–139). Moreover, this Court agrees with the Defendants in that the Amended Complaint makes various references to "all the Defendants collectively as though they are one undifferentiated mass." (Mov. Br. at 13; *see also id.* n.12). Furthermore, and significant here, Plaintiff explicitly states his intent to refer to every defendant interchangeably in Paragraph 29 of the Amended Complaint as emphasized below:

> For purposes of this litigation and as used herein: "Halperin", "IP Horizon", "The Halperin Defendants", "The DOE Defendants" or "Others", shall all have a common relationship to the other and all considered Defendants in Common. ***They may be referred to individually, collectively or as a group, including the term, "Halperins [sic] other shells", where liability alleged or described, is applicable to the [sic] each entity or entities, whichever best meets the specific definition, statement or allegation within this complaint***.

7. The use of such vague group pleading "undermines the notice pleading regime of Rule 8," since it improperly seeks to make all defendants liable for all conduct alleged in the complaint. *See, e.g.*, *Japhet*, 2014 WL 3809173, at *2; *Ingris v. Borough of Caldwell*, No. 14-0855, 2015 WL 3613499, at *5 (D.N.J. June 9, 2015) ("[T]o the extent [p]laintiff seeks to lump several defendants together without setting forth what each particular defendant is alleged to have done, he has engaged in impermissibly vague group pleading."). Indeed, the indecipherable nature

4

of the Amended Complaint is evident from repeated allegations that all Defendants conducted nearly every aspect of the phone calls at issue. (*See, e.g.*, Am. Compl. ¶ 7 (alleging that Defendants "engaged, initiated, participated, provided a platform (service), assisted, controlled, routed and delivered **EIGHTY-ONE [81]** illegal robocalls, directly or routed indirectly to Plaintiff's two land-lines, received since the beginning of May 2023"); *see also id.* ¶¶ 13–14 & 35–36).

8.   And more importantly, this approach constitutes a clear example of impermissible shotgun pleading. As the Eleventh Circuit has explained, there are four broad categories of shotgun pleading that merit dismissal: (i) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts"; (ii) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;" (iii) a complaint that does not separate "into a different count each cause of action or claim for relief"; or (iv) a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). Unquestionably, the Amended Complaint falls squarely under all four categories.[3] (*See* Am. Compl. ¶¶ 233, 240, 248 & 257; *see also id.* ¶ 94 (alleging "[u]pon information and belief, Blitz, through its parent company Exiant Communications, ported **OVER TWO MILLION** telephone numbers, purchased by HFA Holdings through established protocols with the assistance of a third party vendor to which Halperin paid an exorbitant amount

---

[3] The confusing nature of the allegations compared to the information contained under each count is further amplified by a comparison of Paragraph 1 in the Amended Complaint—stating that Plaintiff raises a claim under "the New Jersey No Call Law" and its regulations—and Defendants' moving brief, which does not touch on New Jersey's "No Call Law." (*Contrast* Am. Compl. ¶ 1, *with* Mov. Br.). Indeed, to the extent Plaintiff asserts any claims under New Jersey's "No Call Law," there is no reference to this law under each of Plaintiff's counts and it appears Defendants are not on notice of the same. In addition, for the same reasons, it also remains unclear whether Plaintiff intends to assert a claim under the New Jersey Consumer Fraud Act. (*Contrast* Am. Compl. ¶ 118 ("Each prerecorded message received was in direct violation to the terms of the New Jersey Consumer Fraud Act."), *with id.* ¶¶ 233–66 (asserting counts one through four as described above—none of which arise under New Jersey state law)).

of money"); *see also id.* ¶ 236 (alleging that "[t]he defendants repeatedly initiated those calls to Plaintiff[']s numbers); *id.* ¶ 241 (alleging that "Plaintiff[']s call history . . . evidences Plaintiff[']s receipt of **EIGHTY One [81]** prohibited calls from the Defendants and each of them, initiated to his two land-lines")).

9. Accordingly, and for these reasons alone, the Court finds that dismissal of the Amended Complaint is appropriate for improper group pleading. *See, e.g.*, *Bartol v. Barrowclough*, 251 F. Supp. 3d 855, 859 (E.D. Pa. 2017) (dismissing a *pro se* plaintiff's 54-page complaint for using a shotgun pleading approach, when the complaint asserted 13 counts without clearly identifying against which defendants the claims were brought, and where each count incorporated all prior allegations); *Dobronski v. Anthony J. Russo, Jr., PA*, No. 23-12288, 2024 WL 4363118, at *5 (E.D. Mich. Sept. 30, 2024) ("Although there are cases where a complaint that asserts identical claims against multiple defendants can adequately give notice to the defendants as to the claims against them, here, given that the third-party telemarketers are unknown, there are 13 defendants whose involvement vastly differs, several of the defendants are simply 'fictitious business names,' and not every call necessarily involves every defendant, this Court finds that the complaint fails to connect specific facts to any of the numerous theories of liability it raises." (internal citation omitted)); (*see also* Mov. Br. at 14 n.13 (collecting cases)).

10. Improper group pleading aside,[4] with respect to Counts Two and Three under the TCPA, the Court understands Defendants' argument regarding their alleged position as "common carriers" as pled by Plaintiff. (*See* Mov. Br. at 22–23 (citing cases)). Indeed, Plaintiff appears to allege that "Defendants are Common Carriers registered with the FCC." (Am. Compl. ¶ 127). To

---

[4] These observations are non-exhaustive and should not be construed as rulings on any issue or argument contained in Defendants' motion to dismiss. Plaintiff shall amend the pleading as he deems appropriate and Defendants may respond to any amended pleading in due course pursuant to the Federal Rules of Civil Procedure.

the extent Plaintiff files an amended pleading to cure the deficiencies noted above, and to the extent Defendants move to dismiss a second amended complaint, they shall address whether this Court may consider whether "Defendants [can or] cannot be held liable under the TCPA" as common carriers at the motion to dismiss stage of the proceedings. (Mov. Br. at 22).

11. With respect to Count Four, Section 206 of the Communications Act of 1934 states:

> In case any common carrier shall do, or cause or permit to be done, any act, matter, or thing in this chapter prohibited or declared to be unlawful, or shall omit to do any act, matter, or thing in this chapter required to be done, such common carrier shall be liable to the person or persons injured thereby for the full amount of damages sustained in consequence of any such violation of the provisions of this chapter, together with a reasonable counsel or attorney's fee, to be fixed by the court in every case of recovery, which attorney's fee shall be taxed and collected as part of the costs in the case.

12. Plaintiff's improper group pleading similarly dooms Count Four. While Plaintiff appears to allege that all Defendants are "common carriers," he does not explicitly allege facts to delineate which Defendants are, indeed, common carriers. (*See e.g.*, Am. Compl. ¶ 127). Given the group pleading deficiencies noted above, to the extent Plaintiff maintains that only certain Defendants are common carriers, he shall clarify his position in a concise, easy-to-follow, second amended complaint. Moreover, as noted by Defendants, it also appears that Plaintiff has not alleged actual damages "sustained in consequence of any such violation of [Section 206]," 47 U.S.C. § 206. (*See* Mov. Br. at 28–29 (arguing that Plaintiff himself explicitly "admit[ted] he has not and never alleged 'actual damages' nor do those words appear anywhere in [his] Amended Complaint" (quoting D.E. No. 11-2 ¶ 49 (Plaintiff's brief in support of his motion to remand)))).

Accordingly, for the reasons stated herein and for good cause shown,

**IT IS** on this 30th day of June 2025,

**ORDERED** that Defendant's Motion to Dismiss (D.E. No. 29) is **GRANTED**; and it is

7

further

**ORDERED** that Plaintiff's Amended Complaint (D.E. No. 1-2 at 83–168) is **DISMISSED** *without prejudice*; and it is further

**ORDERED** that Plaintiff may, within thirty (30) days of the date of this Order, file a second amended complaint curing the deficiencies identified herein; and it is further

**ORDERED** that if Plaintiff does not file a second amended complaint within thirty (30) days of the date of this Order, or if Plaintiff files a second amended complaint that does not cure the deficiencies identified herein, this matter may be **DISMISSED** *with prejudice*; and it is further

**ORDERED** that pursuant to Local Civil Rule 7.1(d)(6) the parties shall not file any sur-replies without permission from the Court;[5] and it is further

**ORDERED** that the Clerk of Court shall mail a copy of this Order to Plaintiff by regular U.S. Mail; and it is further

**ORDERED** that the Clerk of Court shall **CLOSE** this matter.

*/s Esther Salas*
**Esther Salas, U.S.D.J.**

---

[5] Indeed, Plaintiff filed a request for leave to file a sur-reply, which this Court did not grant. (D.E. No. 32). Thereafter, Plaintiff filed numerous documents including (i) "declaration/certification and notice to the Court that the defendant continues to engage in unlawful telemarketing calls"; (ii) a "supplemental declaration/certification and notice to the Court of additional prohibited calls"; (iii) "Plaintiff's supplemental declaration and notice to the Court of contradictory evidence regarding phone numbers associated with the Defendants"; (iv) a "reply in response to Defendants' response"; (v) a second "reply in response to Defendants' [second] response"; (vi) a "brief in opposition to defendant wonder group and its counsels' motion to dismiss plaintiffs complaint"; and (vii) a "declaration (not motion) and notice of supplemental facts." (D.E. Nos. 40–42, 44, & 46–48). It is well established that courts in this District "typically will not consider sur-replies that parties have filed without seeking ***and receiving*** leave to do so." *Norkunas v. S. Pennsylvania Transportation Auth.*, No. 19-0627, 2019 WL 6337913, at *2 n.3 (D.N.J. Nov. 27, 2019) (first citing *Young v. United States*, 152 F. Supp. 3d 337, 352 (D.N.J. 2015); and collecting cases) (emphasis added). Thus, this Court will not consider Plaintiff's sur-reply. Nor will the Court consider Plaintiff's other filings cited above, particularly to the extent Plaintiff seeks to amend his pleading by way of extraneous filings. *See, e.g., Com. of Pa. ex rel. Zimmerman v. PepsiCo., Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." (alteration omitted)).